# In the United States District Court for the Southern District of Georgia Brunswick Division

FILED U.S. DISTRICT COURT
2001 ... -7 P 1:12

| | | |
|---|---|---|
| MARVIN CAMPBELL, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | NO. CV297-131<br>NO. CV201-30 |
| Respondent. | : | NO. CR294-53 |

O R D E R

On March 1, 1995, Campbell was convicted by a jury of, inter alia, conspiracy to possess, with intent to distribute, crack and powder cocaine, in violation of the law. On May 23, 1995, the Court imposed a thirty-five year term of incarceration on Campbell. On July 21, 1997, Campbell filed an unsuccessful habeas corpus motion, pursuant to 28 U.S.C. § 2255. On February 20, 2001, Campbell filed a second motion pursuant to § 2255, which was dismissed as time-barred.

Presently before the Court is Campbell's motion for reconsideration of the Court's order denying his motion under § 2255 or, in the alternative, motion for relief from judgment

pursuant to Federal Rule of Civil Procedure 60(b). As the government observes, Rule 60(b) does not provide a mechanism for relief from judgment in a criminal case. United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).

Rather, Campbell's motion for relief pursuant to Rule 60(b) must be construed a successive motion under § 2255, because it asserts claims of error in Campbell's federal conviction. See Gonzalez v. Crosby, 545 U.S. 524, 538 (2005). As such, the Court may not consider Campbell's motion until he has obtained permission from the Eleventh Circuit to prosecute his motion attacking his sentence. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A. § 2244(b)(3)(A) (2006); see 28 U.S.C. § 2255 (cross-referencing § 2244's certification requirements).

Further, the Court notes that the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), is not applicable to cases on collateral review. United States v. White, 416 F.3d 1313, 1316 (11th Cir. 2005).



AO 72A
(Rev. 8/82)

Accordingly, Campbell's motion for reconsideration, or relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is **DENIED**.

**SO ORDERED**, this 7th day of June, 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA



AO 72A
(Rev. 8/82)